UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Towers, Inc., et al.,<br>a Delaware corporation;<br>American Cellular Corporation,<br>a Delaware corporation; and<br>James Bechtold,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>City of Duluth,<br><br>　　　　　　Defendant. | Civil No. 04-5068 (DWF/RLE)<br><br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

___

Lawrence A. Moloney, Esq., and Peter K. Beck, Esq., Gray Plant Mooty Mooty & Bennett – Minneapolis, counsel for Plaintiffs.

M. Allison Lutterman, Esq., Duluth City Attorney's Office, counsel for Defendant.

___

**Introduction**

The above-entitled matter came before the undersigned United States District Judge on November 10, 2005, pursuant to a Motion for Partial Summary Judgment brought by Defendant the City of Duluth (the "City") and a Motion for Summary Judgment brought by Plaintiffs James Bechthold, American Cellular Corporation, and Minnesota Towers, Inc. (collectively, "Plaintiffs"). For the reasons set forth below, Plaintiffs' Motion for Summary Judgment is granted; the City's Motion for Partial Summary Judgment is denied as moot.

**Background**

A detailed background of the facts surrounding this matter is set forth in this Court's Order dated July 1, 2005 (the "July 1, 2005 Order"), and is incorporated herein by reference. In

the July 1, 2005 Order, the Court determined that a genuine issue of fact existed as to whether the City extended its time to respond to Plaintiffs' request for a special use permit pursuant to Minn. Stat. § 15.99, subd. 3(f) (2004).  (July 1, 2005 Order at 10.)  Specifically, the Court stated:

> a genuine issue of material fact remains as to whether the City extended its time to respond to Plaintiffs' request for a special use permit to 120 days, pursuant to § 15.99, subd. 3(f).  Thus, if a factfinder were to determine that the City did extend the time for response by virtue of the letter purportedly sent by Charles Froseth to Plaintiffs in October 2004, the City necessarily would have complied with the statutory requirements of a written statement set forth in § 15.99, subdivision 2, by virtue of the City Council's adoption of the written findings at its December 6, 2004, meeting.  If, on the other hand, a factfinder were to determine that the City did not extend its time to respond to Plaintiffs' request for a special use permit, the request would be deemed approved by the City's failure to respond within 60 days, pursuant to Minnesota Statutes § 15.99, subd. 2(a).

(*Id.*)

Plaintiffs have conducted further discovery and, in light of the evidence uncovered by that discovery, now ask the Court to revisit the issue of the City's extension of the response time, or lack thereof.  Plaintiffs now contend that there is no evidence upon which a reasonable factfinder could rely that written notice of an extension was provided to the applicants.

As the Court noted in the July 1, 2005 Order, Plaintiffs filed their application for a special use permit on September 29, 2004.  Minnesota Statute § 15.99 provides that the City has 60 days to respond to a zoning request, but such time may be extended "before the end of the initial 60-day period by providing written notice of the extension to the applicant."  Minn. Stat. § 15.99, subd. 3(f).  However, absent such written notice, failure of the City to deny a request within sixty days is deemed approval of the zoning request.  Minn. Stat. § 15.99, subd. 2(a).  The City Council's resolution with written findings supporting the City's denial of the special use permit application occurred on December 6, 2004.

In an affidavit dated May 5, 2004, Senior Planner Charles Froseth stated, "I believe that the letter [notifying Plaintiffs' of the extension] was sent on October 14, 2004. I base this conclusion on the fact that the Planning Department file contains a file copy of the public notice letter sent out on that date. … It is my standard practice to mail all of these letters at the same time and I do not recall changing my standard practice on this matter." (Affidavit of Charles Froseth ("Froseth Aff.") at ¶ 6.) Froseth was not able to find a file copy of the notice letter that was purportedly sent to the Plaintiffs in the project file, but attached to his affidavit a letter that was purportedly sent to Plaintiffs. The letter was dated November 2004, purportedly due to an auto-date function on the computer that changed the date of the letter to the date of the print request. (*Id.* at ¶¶ 5–6, Ex. 1.)

The Plaintiffs submitted affidavits from Richard Adams of Minnesota Tower and James Bechtold, the applicants. Both Adams and Bechtold testified that they could unequivocally state that they did not receive a copy of the letter from Froseth. (Affidavit of Richard Adams in Support of Plaintiffs' Motion for Partial Summary Judgment at ¶ 3; Affidavit of James Bechtold in Support of Plaintiffs' Motion for Partial Summary Judgment at ¶ 3.)

On the basis of this conflicting testimony, the Court found that a genuine issue of material fact existed as to whether the City extended its time to respond to Plaintiffs' request for a special use permit.

Subsequent to the Court's July 1, 2005 Order, the Plaintiffs conducted discovery on the issue of whether the notice letter was sent. Plaintiffs deposed Froseth and Lora Eames, Froseth's secretary at the time the letter was purportedly created.

At his deposition, Froseth stated that Eames created the notice letter. (Deposition of Charles Froseth ("Froseth Dep.") at 13.) Froseth stated that he was sure that he signed the letter

3

on October 12, 2004.  (*Id*. at 17–18.)  However, Froseth later disavowed this memory after he was shown an exhibit indicating that the notice letter was not actually created until October 13, 2004.  (*Id*. at 27.)  Froseth further admitted that even if he might remember signing the notice letter, he had "absolutely no way of knowing whether this letter, the notice letter, ever got sent out."  (*Id*. at 28.)

Froseth further stated that if the notice letter had been sent, copies would have been sent to James Tinsley of Glen Martin Engineering and Ronald Krueger, a land surveyor in Duluth.  (*Id*. at 33.)  Plaintiffs submitted an affidavit from Tinsley, who stated that he had no recollection of receiving a letter stating that the time deadline for responding to the special use permit request was extended by the City.  (Affidavit of James Tinsley in Support of Plaintiffs' Motion for Summary Judgment.)  Similarly, Krueger stated that he had no recollection of receiving the letter.  (Affidavit of Ronald L. Krueger in Support of Plaintiffs' Motion for Summary Judgment at ¶ 4.)  Tinsley and Krueger also stated that their respective project files did not contain any such letter.

Froseth also stated that the City had no record of the letter in the City's case file, and that even if the notice letter was sent to the applicants, the letter was not sent to Adams' correct address.  (Id. at 33–34, 87–88.)

Eames stated that she recalled creating the notice letter document, but that she had no recollection of Froseth signing it.  (Deposition of Lora Eames ("Eames Dep.") at 42–46.)  After creating the document, Eames did not recall seeing the document until she discovered that it was missing.  (*Id*. at 46–50.)  Eames further testified that she did not have a specific recollection of mailing the notice letter to the applicants.  (*Id*. at 51–52.)  Eames indicated that although there was "a point in time when [she] was sure that [she] had mailed the letter," she was no longer sure

4

that she had actually sent it. (*Id*. at 74–75.) Finally, Eames stated that she, too, had been unable to find a copy of the letter in the City's case file. (*Id*. at 47–49; 64.)

**Discussion**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record which create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Krenik*, 47 F.3d at 957.

Given the newly discovered evidence before the Court, the Court finds that no genuine issue of material fact remains as to whether the City sent the notice letter to the Plaintiffs advising them of the extension of the City's time to respond pursuant to Minn. Stat. § 15.99. Froseth has admitted that he did not send out the notice letter himself. Eames, Froseth's

secretary at the time, has no specific recollection of sending the letter out. The two applicants have denied receiving the letter, and none of the other parties who should have received the letter had any recollection of receiving it. The Court is left with no probative evidence supporting Froseth's or Eames' beliefs that the notice letter was sent.

The City has failed to show that a genuine issue of material fact exists regarding whether the City provided notice of the extension to the applicants, as required by Minn. Stat. § 15.99, subd. 3(f). Because the City has set forth no probative evidence that it sent notice of the extension to the applicants within the sixty-day deadline, the applicants' application for a special use permit is deemed approved by operation of Minn. Stat. § 15.99, subd. 2(a). Plaintiffs' Motion for Summary Judgment is granted.

## Conclusion

The Court acknowledges its discomfort with a decision like this—one that has such an important impact on the neighborhood and the City—being decided by virtue of the operation of a default provision of the Minnesota Statutes. Justice is usually better served when such controversial decisions are made on the merits of the case, rather than on a technicality. However, the law is what it is, and the Court was left to follow that law.

Because the Court has determined that, based on the record before the Court, no genuine issue of material fact remains as to whether the City extended its time to respond to Plaintiffs' request for a special use permit to Minn. Stat. § 15.99, subd. 3(f), the Court need not address Defendant's Motion for Partial Summary Judgment.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' Motion for Summary Judgment (Doc. No. 42) is **GRANTED**;

   2. Defendant's Motion for Partial Summary Judgment (Doc. No. 34) is **DENIED AS MOOT**.

   **LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: December 13, 2005          s/ Donovan W. Frank
                                  DONOVAN W. FRANK
                                  Judge of United States District Court